UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARCUS RAMOS,

    **Plaintiff,**

    v.

                         Civil Action 2:15-cv-1204
                         Judge Gregory L. Frost
                         Magistrate Judge Elizabeth P. Deavers

TESFA CHEVERS, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Marcos Ramos, an Ohio resident proceeding without the assistance of counsel, brings this state-law tort action against Tesfa Chevers, Brett Kodger, Brittany Jones, Sharon Carney Packard, and Lasheyl Stroud. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction.

I.

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted.  Thus, a typical initial screen involves consideration of the merits of the claims asserted.  In this case, however, upon review of Plaintiff's Complaint, the Undersigned determines that it is unnecessary to consider the merits of the state-law tort claims he advances because this Court lacks subject matter jurisdiction to hear those claims.  When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).  *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution.  *Id*. (citation omitted).  For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

II.

As best the Court can discern from Plaintiff's Complaint, he is seeking to recover $150,000 in damages for emotional distress he suffered in connection with a domestic dispute

over the custody and visitation of his children.  All of the named Defendants are Ohio residents.

Plaintiff's Complaint provides no basis for federal court jurisdiction.  His state-law tort claims do not satisfy § 1331 because they do not involve alleged violations of federal statutes or alleged deprivations of constitutional rights.  And although Plaintiff references the Fourth and Fourteenth Amendments, his Complaint cannot support a cause of action under 42 U.S.C. § 1983 for violation of these constitutional rights given that he has not alleged that Defendants were acting under the color of state law.  *See Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).  Plaintiff's state-law tort claims do not satisfy § 1332(a) given that he advances them against Ohio citizens.  *See Caterpillar,* 519 U.S. at 68.

### III.

In sum, because Plaintiff's Complaint provides no basis for federal jurisdiction, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing in state court.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**

Date: April 8, 2015                                                      /s/ *Elizabeth A. Preston Deavers*
                                                                                    Elizabeth A. Preston Deavers
                                                                                   United States Magistrate Judge